**Colette Kazimiera DUNTON, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70001.
Agency No. A75–715–693.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2004.

Decided Jan. 21, 2004.

346

Kimberly Demarchi, Lewis & Roca, LLP, Phoenix, AZ, Colette Kazimiera Dunton, pro se, Sierra Vista, AZ, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Phoenix, AZ, Linda S. Wendtland, Esq., John C. Cunningham, Thankful T. Vanderstar, Russell J.E. Verby, Shelley R. Goad, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before WALLACE, NOONAN, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

Dunton petitions for review of the Board of Immigration Appeals' ("BIA") denial without opinion of her application for asylum and withholding of removal. An asylum applicant bears the burden of proving refugee status. 8 C.F.R. § 208.13(a). "A 'refugee' is defined as an alien who is unable or unwilling to return to his home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sangha v. INS,* 103 F.3d 1482, 1486 (9th Cir.1997) (quoting 8 U.S.C. § 1101(a)(42)(A)). "'Persecution' may be inflicted either by the government or by persons or organizations which the govern-

ment is unable or unwilling to control." *Id.* at 1487. In order "to reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it." *Id.* (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Dunton's petition fails on several grounds.

The record does not support, let alone compel, the conclusion that Dunton's claimed abuse was on account of her Catholic identity or her being a Catholic child born on a Protestant holiday. Several of her alleged abusers, including her father and the Crockfords, were Catholics and the other children who were abused with her were not Catholics born on a Protestant holiday.

Nor does the record compel the conclusion that the British government either acquiesced or was unwilling or unable to control the perpetrators of Dunton's abuse. Dunton's abuse occurred over thirty years ago. Dunton never reported her sexual abuse to the British authorities during the time period that it occurred. Consequently, the British government never had an opportunity to control her abusers at the time of the abuse. When Dunton finally did report her abuse to the police in 1997, the authorities conducted an investigation. Dunton's mother declined to cooperate and Dunton herself chose not to pursue the investigation.

Finally, even if Dunton's abuse did constitute past persecution, there was substantial evidence to rebut the presumption that she could not reasonably relocate safely within the United Kingdom. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1070 (9th Cir.2003) (explaining that once an applicant demonstrates that there was past

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

persecution, "the burden is on the [government] to demonstrate by a preponderance of the evidence ... that the applicant can reasonably relocate internally to an area of safety."). Dunton had lived in Scotland and England for several years without incident. Dunton was also able to travel freely in the United Kingdom after she reported the sexual abuse in 1997. It was not unreasonable for the immigration judge to conclude that Dunton could have safely relocated to Scotland or England, where she had lived safely without incident or threat for many years.

Dunton has also failed to establish that it is more likely than not that she would be subject to torture if she returned to the United Kingdom. Therefore, Dunton is not eligible for withholding of removal under the Convention Against Torture.

**PETITION DENIED.**